UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

```
LONZO LEE,                       )
                                 )
              Plaintiff,         )
      vs.                        )    1:06-cv-268-SEB-JMS
                                 )
MR. OSBORN, et al,               )
                                 )
              Defendants.        )
```

**Entry Discussing Motion for Summary Judgment**

Plaintiff Lonzo Lee ("Lee") was formerly confined at the Wabash Valley Correctional Facility ("Wabash Valley"). He alleges in this civil rights action under 42 U.S.C. § 1983 that he was the victim of excessive force at Wabash Valley Correctional Facility on or about October 31, 2005. The defendants have moved for summary judgment on the theory that the plaintiff failed to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a).

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005), quoting Rule 56(c) of the Federal Rules of Civil Procedure. A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo [v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002]). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

Defendants argue that Lee failed to comply with the exhaustion of administrative remedies requirement of the PLRA. Construed in a manner reasonably most favorable to Lee as the non-moving party, the evidence here shows that:

(1) Wabash Valley had a grievance procedure for inmates at the time Lee was confined there;

(2) the treatment of which Lee complains in this action occurred on or about October 31, 2005;

(3) Lee's claim in this action is based on treatment that was within the scope of the prison's grievance procedure;

(4) the multi-step grievance procedure was established through written instructions, the use of forms and the availability of steps to appeal an inmate's dissatisfaction with the resolution or response to his grievance and a previous level;

(5) Lee had access to information concerning this procedure and the forms necessary to make it function; and

> (6) Lee did not use the grievance procedure just described to file any grievance regarding the claim that any staff member used excessive force against him on or about October 31, 2005.

Thus, although the grievance process was available to him, Lee did not exhaust the five-step grievance procedure as to the claims asserted in this lawsuit. He offers no contrary argument.[1] The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the claims against the moving defendants should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). The motion for summary judgment is therefore **granted**, and judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED**.

Date: 04/03/2007

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Lee has made a narrative response to the motion filed by the defendants, but this response has no evidentiary significance because it was not signed under oath. See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . . As such, we can simply ignore them."). "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied. . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003). There is no reason to stray from the ordinary rule in this case. As the result of Local Rule 56.1(h), this failure has a specific consequence, which is that the factual assertions on which the motions for summary judgment are based and which are supported by the evidentiary record are accepted as true for the purpose of resolving those motions. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is a requirement fully warranting enforcement, even when the non-movant is proceeding without counsel. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994) (collecting numerous cases). This does not alter the standard for assessing the Rule 56(c) motions, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).